JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
HAIDY M. RIVERA, SBN 332117
haidy.rivera@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:      916-840-3159

Attorneys for Defendant WAL-MART ASSOCIATES, INC.

# UNITED STATE DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHEAT, an individual<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. _____<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**<br><br>[*Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement*]<br><br>Tulare Superior Court<br>Case No. VCU293946<br>Action Filed:            10/27/2022 |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF STEVE WHEAT AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant WAL-MART ASSOCIATES, INC. ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Tulare to the United States District Court for the Eastern District of California pursuant to United States Code, Title 28, Sections 1332, 1441(b) and 1446.  Defendant removes this action on the grounds that:  (a) there is complete diversity of citizenship between Plaintiff STEVE WHEAT ("Plaintiff"), a citizen of the State of

California, and Defendant, a citizen of the States of Arkansas and Delaware; (b) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (c) the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as is more fully set forth below.

## I.     THE STATE COURT ACTION

1. On or about October 27, 2022, Plaintiff filed an action entitled "*Steve Wheat vs. Wal-Mart Associates, Inc., et al.*" in Tulare County Superior Court, Case Number VCU293946 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On October 28, 2022, Plaintiff served Defendant a copy of the Summons, Complaint, Civil Case Cover Sheet, and Alternative Dispute Resolution Package through their statutory agent, CT Corporation. A true and correct copy of the Summons, Civil Case Cover Sheet, and Alternative Dispute Resolution Package are attached hereto as **Exhibit B**.

3. On November 22, 2022, Defendant filed and served their Answer to Plaintiff's Complaint. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C**.

## II.    REMOVAL IS TIMELY

4. A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that a Defendants' time to remove is triggered by formal service of the summons and complaint).

5. Here, removal is timely because it took place on November 28, 2022, within thirty days of Defendant's October 28, 2022 service date.

## III.   COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6. This timely Notice is based on complete diversity of the parties. Plaintiff is a citizen of the State of California and Defendant is a citizen of the States of Delaware and Arkansas.

7. **Plaintiff is a Citizen of California**: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

8. As set forth in the Complaint, Plaintiff is a resident of California and worked for Defendant in the County of Tulare, State of California. **Exhibit A**, Complaint, ¶¶ 1, 6. As such, Plaintiff is domiciled in and for purposes of diversity jurisdiction is a citizen of the State of California.

9. **Defendant is Not a Citizen of California:** Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "'principal place of business' [as contained in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

10. Defendant is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of United States Code, Title 28, Section 1332(c)(1). Specifically, Defendant, at the time this action was commenced, was (and is still) incorporated under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. *See Cesena v. Wal-Mart Assocs., Inc.*, No. CV 16-2388-R, 2016 WL 3353931, at *2 (C.D. Cal. June 8, 2016) ("Defendant Walmart, which is incorporated in Delaware and has its principal place of business in Arkansas"); *Elliot v. Wal-Mart Stores, Inc.*, No. 1:09-CV-1420-OWW-GSA, 2009 WL 4253973, at *1 (E.D. Cal. Nov. 24, 2009), *report and recommendation adopted,* No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) ("Defendant [Wal-Mart] is a corporation

incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.")

11.  Thus, Defendant was not and is not a citizen of the State of California but, rather, is a citizen of the State of Delaware and/or the State of Arkansas for the purpose of determining jurisdiction.

12.  **"Doe" Defendants' Citizenship:** "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).  Inclusion of "Doe" defendants in a state court complaint has no effect on removability.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition).  Therefore, Plaintiff's inclusion of "Does 1 through 10" in the Complaint cannot defeat diversity jurisdiction.

### IV.  THE JURISDICTIONAL MINIMUM IS EASILY MET

13.  This Court's jurisdictional minimum of an amount in controversy over $75,000 is and was satisfied at the time this action was filed, as explained below.

14.  As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees.  *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).  Removal is proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiffs' claims exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

15.  "[A]s specified in § 1446(a), a Defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (emphasis added). To meet this relatively low burden regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. See *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own numbers" for "purposes of analyzing the amount in controversy").

16. **Compensatory Damages**: Plaintiff seeks lost income in the form of past and future earnings and benefits. **Exhibit A,** Complaint, ¶¶ 34, 50, 62, 75, 84, 94, and Prayer for Relief, pg. 18, ¶¶ A-B. Plaintiff alleges Defendant terminated his employment on July 19, 2021. **Exhibit A,** Complaint, ¶ 26. Assuming Plaintiff has not secured new employment, he puts at issue at least sixteen (16) months' worth of lost income to date, and assuming this case goes to trial in approximately thirty-four (34) months, his back pay claim will seek at least four years of past wages and benefits. *See* U.S. District Court–Judicial Caseload Profile, California Northern, June 30, 2022, available at https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf (indicating that the average time to trial in the Northern District is 34.7 months). At the time of his termination, Plaintiff was earning a yearly salary of $73,578.70. Thus, assuming that Plaintiff has not found new employment at the time of trial in this case, his claim for lost income alone will be approximately $282,995 ($1,414.975 per week x 200 weeks).

17. **Attorney's Fees**: Plaintiff also seeks attorneys' fees. **Exhibit A,** Complaint, ¶¶ 104, 105, 109, and Prayer for Relief, pg. 18, ¶ E. Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy. *See Galt G/S,* 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory). Recently, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience). *See Andrade v. Arby's Rest. Grp., Inc.,* 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment); *see also Garcia v. ACE*

*Cash Express, Inc.,* No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages). Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately Defendant will file a Motion for Summary Judgment. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees. Therefore, if Plaintiff is successful on his claims, he could be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

18.     Accordingly, Plaintiff's claims for lost wages and attorneys' fees, establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

## V.     VENUE

19.     Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a). Under United States Code, Title 28, Section 1441(a), this case may properly be removed to the Eastern District of California because Plaintiff filed this case in the Superior Court of California, County of Tulare. Additionally, Defendant is informed and believe that the events allegedly giving rise to this action occurred within this judicial district.

## VI.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

20.     In accordance with United States Code, Title 28, Section 1446(a), **Exhibits A-C** constitute a copy of all processes, pleadings, and orders either served upon or by Defendant. As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Defendant was served with Plaintiff's Complaint. As required by United States Code, Title 28, Section 1446(d), Defendant will provide notice of this removal to Plaintiff through his attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Tulare.

## VII. CONCLUSION

21. Because this civil action is between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

22. In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: November 23, 2022

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: */s/ James T. Conley*
James T. Conley
Haidy M. Rivera

Attorneys for Defendant WAL-MART ASSOCIATES, INC.