Julian Burns King, SBN 298617
julian@kingsiegel.com
Rachael E. Sauer, SBN 308549
rsauer@kingsiegel.com
KING & SIEGEL LLP
724 S. Spring Street, Suite 201
Los Angeles, CA  90014
Telephone:    213-465-4802
Facsimile:     213-465-4803

Attorneys for Plaintiff  STEVE WHEAT

JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
HAIDY M. RIVERA, SBN 322117
haidy.rivera@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:    916-840-3150
Facsimile:     916-840-3159

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

# UNITED STATE DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHEAT,<br><br>          Plaintiff,<br><br>     vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>          Defendant. | Case No. 1:22-cv-01524-BAM<br><br>**STIPULATION REGARDING PRODUCTION OF CONFIDENTIAL DOCUMENTS AND PROPRIETARY INFORMATION; ORDER**<br><br>Action Filed:   October 27, 2022<br>Trial Date:      October 7, 2024 |

**IT IS HEREBY STIPULATED** by and between Plaintiff STEVE WHEAT ("Plaintiff") and Defendant WAL-MART ASSOCIATES, INC., ("Defendant"), through their respective attorneys of record, that a Protective Order be entered by this Court as follows:

This Stipulation and Protective Order shall be applicable to and shall apply to the production and exchange of all document requests and documents, interrogatories and answers to

interrogatories, depositions, request for admissions and responses to requests for admissions, exhibits, pleadings, and all other information exchanged and furnished in this action by the parties <u>that are confidential and/or proprietary</u>.

**I.     SCOPE**

(a)     The parties acknowledge that discovery will require disclosure of information that is private and personal or confidential and proprietary, and may include personnel records, medical records, personnel policies, employment offers, trade secrets, competitive analyses, income statements, client or customer information, and financial records and statements, along with other proprietary or confidential information.  As a result, the parties agree that they will be required to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information.  The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

(b)     This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information designated hereunder as "Confidential," and shall apply to:

(i)     All such documents, including those from third parties, so designated in accordance with this Protective Order and legal standards and definitions, and all information contained therein;

(ii)     Portions of deposition testimony and transcripts and exhibits thereto which include, refer to, or relate to any Confidential Information;

(iii)     All information, copies, extracts, and complete or partial summaries prepared or derived from Confidential Information; and

(iv)     Portions of briefs, memoranda, or any writings filed with or otherwise supplied to the Court, which include or refer to any such Confidential Information.

(c)     Any person designating documents, testimony, or other information as "Confidential" hereunder asserts that he or she believes in good faith that such material is Confidential Information

which is not otherwise available to the public generally. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

## II. DESIGNATION OF DOCUMENTS AND DEPOSITIONS

(a) Designation of a document as "Confidential" shall be made by stamping or writing CONFIDENTIAL on the document(s). The parties shall make every effort to designate as CONFIDENTIAL only documents that contain information protected as confidential under California law, including but not limited to, proprietary information, financial information, trade secrets, personnel, medical and payroll information, or other similarly protected information. The failure to so designate documents at the time of production shall not constitute a waiver of the protection of this Order and any party may, at any time during the course of the action up to 30 days before the actual trial date designate any documents or information produced as confidential that have not as yet been so designated.

(b) Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order: the parties and their attorneys and staff, the court reporter, videographer, the deponent, and the deponent's attorney. Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to such information are in attendance. The parties shall instruct the court reporter to segregate such portions of the deposition in a separate transcript designated as "Confidential." Portions of such deposition transcripts shall be

clearly marked as "Confidential" on the cover or on each page, as appropriate.

(c) Any party may designate documents produced or portions of depositions taken as containing Confidential Information even if not initially marked as "Confidential" in accordance with the terms of this Protective Order by so advising counsel for each other party in writing and by reproducing said documents with the required confidential designation. Thereafter each such document or transcript shall be treated in accordance with the terms of this Protective Order; provided, however, that there shall be no liability for any disclosure or use of such documents or transcripts, or the Confidential Information contained therein, which occurred prior to actual receipt of such written notice. Any person who receives actual notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "Confidential" at the time he, she, or it first received it in connection with this matter.

(d) Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party designating document produced or portions of depositions taken as containing Confidential Information even if not initially marked as "Confidential" in accordance with the terms of this Protective Order and, specifically, Paragraph 2, subsection (c), above.

**III.  LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

(a) No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein and in no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

(b) Confidential Information shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

(i) The parties hereto;

(ii) Attorneys of record for the parties and their respective associates, clerks and employees involved in the conduct of this litigation;

     (iii) In-house counsel for Defendant, its subsidiaries, and/or its affiliates;

     (iv) Non-party deponents, experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

     (v) The Court, its officers, court reporters, videographers and similar personnel, provided further that Confidential Information lodged with the Court under seal is subject to further evaluation by the Court; and

     (vi) Any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Confidential Information prior to the intended disclosure in this action.

  (c) Before any person described in Paragraph 3, subsection (b)(iv), receives or is shown any document or information which has been designated as Confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and Agreement attached hereto as Exhibit A, to be bound by the terms hereof. The original of each such Acknowledgment and Agreement shall be maintained by counsel and shall be produced for inspection by opposing counsel upon request. Any counsel may require the other counsel to provide a copy of the Acknowledgment and Agreement signed by a witness at a deposition before the witness is deposed with regard to any Confidential Information.

  (d) Nothing in this Protective Order shall be construed to require execution of the written Acknowledgment and Agreement referred to in Paragraph 3, subsection (c), above, or to prevent disclosure of Confidential Information, by the party producing and designating such Confidential Information, or by any employee of such party.

  (e) The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in Paragraph 3, subsections (b)(i)–(b)(vi), above.

## IV. FILING DOCUMENTS UNDER SEAL

  (a) If a party submits a document to the Court, which the other party has designated as CONFIDENTIAL or which contains Confidential Information and which has not been successfully

challenged under Paragraph V below, the submitting Party shall notify the Party designating the document as CONFIDENTIAL prior to submitting any CONFIDENTIAL documents to the Court so as to provide the designating Party sufficient time to determine whether it needs to file a Request to Seal Documents under Local Rule 141.  If the designating Party decides to move to seal the CONFIDENTIAL documents, the Party seeking to seal the CONFIDENTIAL documents must comply with the procedures set forth in Local Rule 141 and must also comply with Federal Rules of Civil Procedure 26(c)(1).  To the extent permitted by Local Rule 140, all Confidential Information filed with the Court and any pleading or other paper containing Confidential Information filed with the Court shall be redacted so that they do not disclose the contents of the Confidential Information that is subject to the Protective Order.

(b)     Any party requesting that a record be filed under seal must comply with Local Rule 141.  The Parties agree and recognize that Confidential Information or any paper containing Confidential Information cannot be filed under seal based solely upon this stipulated Protective Order.

## V.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

(a)     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party

1  must explain the basis for its belief that the confidentiality designation was not proper and must give
2  the Designating Party an opportunity to review the designated material, to reconsider the
3  circumstances, and, if no change in designation is offered, to explain the basis for the chosen
4  designation. A Challenging Party may proceed to the next stage of the challenge process only if it
5  has engaged in this meet and confer process first or establishes that the Designating Party is unwilling
6  to participate in the meet and confer process in a timely manner.

7  (c) Judicial Intervention. If the Parties cannot resolve a challenge without court
8  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil
9  Local Rule 141.1 within 21 days of the initial notice of challenge or within 14 days of the parties
10 agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each
11 such motion must be accompanied by a competent declaration affirming that the movant has
12 complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the
13 Designating Party to make such a motion including the required declaration within 21 days (or 14
14 days, if applicable) shall automatically waive the confidentiality designation for each challenged
15 designation. In addition, the Challenging Party may file a motion challenging a confidentiality
16 designation at any time if there is good cause for doing so, including a challenge to the designation
17 of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must
18 be accompanied by a competent declaration affirming that the movant has complied with the meet
19 and confer requirements imposed by the preceding paragraph.

20 The burden of persuasion in any such challenge proceeding shall be on the Designating Party.
21 Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary
22 expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the
23 Designating Party has waived the confidentiality designation by failing to file a motion to retain
24 confidentiality as described above, all parties shall continue to afford the material in question the
25 level of protection to which it is entitled under the Producing Party's designation until the court rules
26 on the challenge.

27 ///
28 ///

## VI. SURVIVAL OF ORDER – RETURN OF DOCUMENTS

(a) The provisions of this Order shall continue in effect until otherwise ordered by the Court, or one of them, after notice and an opportunity to be heard is afforded to the parties to this action. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder. The Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order. Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party, except that (a) documents on which any person has made notations may be destroyed and not returned, and (b) the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein.

(b) Except as provided in Paragraph 4 or Paragraph 6, subsection (a), hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Paragraph 3 hereunder, or be kept by counsel of record at the premises regularly maintained by such counsel of record as and for their respective law offices.

## VII. USE OF DOCUMENTS AT TRIAL

This Stipulation and Protective Order, except as provided in Paragraph 4, above, shall not apply to information designated or marked "Confidential" hereunder which is used at any evidentiary hearing or trial in this action. The parties hereby reserve their rights to use, or seek to limit the disclosure of, Confidential Information at any such hearing or trial.

## VIII. USE OF OWN DOCUMENTS

Nothing in this Protective Order shall limit the use by any party, person, or entity of his, her, or its own document or information for legitimate business purposes unrelated to this litigation, even if such documents or information have been designated as "Confidential."

## IX. APPLICATIONS TO COURT

(a) This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available. This Protective Order shall not

preclude or limit any party's right to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

(b) Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

(c) The parties hereto, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy.  In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.  In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law.  Any persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not limited to issuing an injunction.  In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

(d) If any deponent required under the terms of this Protective Order to execute the written Acknowledgment and Agreement described in Paragraph 3, subsection (c), above, refuses to do so, the parties may complete the deposition on other matters or adjourn it and move the Court for any appropriate relief, including (without limitation) relief from this Protective Order as to that deponent, or an order that the deponent shall execute the written agreement described in Paragraph 3, subsection (c), above, or an order that deponent shall be bound by the terms of this Protective Order. Any non-party whose Confidential Information is the subject of such a motion shall be given notice thereof.

///

///

## X. AGREEMENT TO COOPERATE

The parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in Paragraph 3, subsection (c), above, the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective law firms). An attorney's request to sign such Acknowledgment pursuant to this Paragraph shall not be construed to constitute legal advice to the deponent, but shall and may be stated to be simply a request to facilitate discovery in this action.

## XI. NO ADMISSIONS

Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential," shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential"; or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "Confidential."

## XII. NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY

Nothing in this Protective Order shall be construed as requiring disclosure of Confidential Information, including, but not limited to, materials subject to protection under the attorney-client privilege and/or the attorney work-product doctrine, the trade secrets privilege, or any other applicable privileges or rights of privacy, or requiring disclosure of Confidential Information that is otherwise beyond the scope of permissible discovery. Further, nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

## XIII. DISCLOSURE IN VIOLATION OF ORDER

If any Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately in writing notify

the opposing party and the designating party of all pertinent facts relating to such disclosure to the attention of, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of the recipient of such Confidential Information.

### XIV. MODIFICATION – FURTHER AGREEMENTS

Nothing contained herein shall preclude any party from seeking from the Court, modification of this Stipulated Protective Order upon proper notice or shall preclude the parties from entering into other written agreements designed to protect Confidential Information.

### XV. COUNTERPARTS

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original, and which together shall constitute one instrument.

DATED:  July 17, 2023            KING & SIEGEL LLP

By:  /s/ Rachael Sauer *(as authorized on 07.17.23)*
     Julian Burns King
     Rachael E. Sauer

Attorneys for Plaintiff STEVE WHEAT

DATED:  July 17, 2023            OGLETREE, DEAKINS, NASH,
                                 SMOAK & STEWART, P.C.

By:  /s/ Haidy M. Rivera
     James T. Conley
     Haidy M. Rivera

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

## EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND THEREBY

I hereby acknowledge receipt of and that I have read a copy of the Stipulation for Protective Order and Order (the "Order"), which I understand was made on _____, 2023, in the action entitled *Steve Wheat v. Wal-Mart Associates, Inc., et al.*, Case No. 1:22-cv-01524-BAM, USDC, Eastern District of California.  I agree that I will be bound by the provisions of the Order with respect to any Confidential Information provided to me under the terms thereof.  I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such Confidential Information except as permitted by the Order.  I further understand that if I fail to comply with the terms of the Order, I may be subject to sanctions by the Court, and I hereby consent to personal jurisdiction in the State of California with respect to any matter relating to or arising out of the Order.

Executed this _____day of _____, 2023, at _____, _____.

_____

Name: _____
Affiliation: _____
Address: _____
_____

**ORDER**

Having considered the Stipulation Regarding Production of Confidential Documents and Proprietary Information filed on July 17, 2023, and finding good cause, the Court adopts the stipulated protective order.  (Doc. 16.)

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing.  The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion.  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009).  Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document.  The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the stipulated protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **July 20, 2023**                           /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE