UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHEAT, an individual, | Case No. 1:22-cv-01524-BAM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENAS FOR MEDICAL RECORDS |
| v. | |
| WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1-10, inclusive, | (Doc. 26) |
| Defendants. | |

Currently before the Court is Plaintiff Steve Wheat's motion to quash Defendant Wal-Mart Associates, Inc.'s subpoenas to medical providers filed on November 9, 2023. (Doc. 26.) Defendant opposed the motion on November 22, 2023, and Plaintiff replied on November 30, 2023. (Docs. 27, 28.) The Court found the motion suitable for resolution without oral argument, vacated the hearing, and the matter was deemed submitted. (Doc. 29.)

Having considered the parties' briefing, along with the record before this Court, Plaintiff's motion to quash will be denied.

**I.   BACKGROUND**

This age and disability discrimination case was removed from Tulare County Superior Court on November 23, 2022, based on diversity jurisdiction. (Doc. 1.) In the complaint,

1

Plaintiff alleges that he was employed by Defendant as an Area Manager at the Walmart Distribution Center in Porterville, California from August 5, 1991, until July 19, 2021. (Doc. 1-1, Compl. at ¶ 1.) Plaintiff seeks to recover damages under the California Fair Employment and Housing Act ("FEHA") for age discrimination, age harassment, disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, and failure to prevent discrimination, harassment and retaliation. (*Id.* at ¶¶ 30-36, 37-43, 44-52, 53-64, 65-77, 78-86, 87-96.) Plaintiff also brings claims for wrongful termination in violation of public policy and failure to maintain and produce accurate records. (*Id.* at ¶¶ 97-102, 103-109.) Relevant here, Plaintiff alleges that in 2021, he began to have issues with his feet and ankles. (*Id.* at ¶ 20.) In his supplemental discovery responses, Plaintiff alleges that he began experiencing emotional distress symptoms in 2016, and his emotional distress symptoms worsened when he was terminated on July 19, 2021. Plaintiff reportedly began treating with a mental health professional in June 2023 due to his alleged emotional distress. (Doc. 27 at p. 8; Doc. 27-1, Rivera Decl. at ¶ 3, Ex. 2 at pp. 3-4.)

The Court issued a Scheduling Conference Order in this case on February 21, 2023. (Doc. 14.) Pursuant to that order, non-expert discovery closes on February 6, 2024. (*Id.*)

On October 20, 2023, Defendant issued third-party subpoenas under Rule 45 of the Federal Rules of Civil Procedure to four of Plaintiff's health care providers: Living Water Community Health & Wellness Clinic, Dr. Kalpathy V. Venkatesan, Dr. Mark Tindall, and Dr. Ehab Yacoub.[1] (Doc. 27 at p. 12; Doc. 27-1, Rivera Decl. at ¶ 2, Ex. 1 at pp. 8-35.) The subpoenas seek all care and treatment records pertaining to Plaintiff "from the first date of treatment to and including the present."[2] (*Id.* at p. 9, 16, 23, 30.) Plaintiff now moves to quash

---

[1] Defendant served Plaintiff's counsel with the subpoenas via mail service on October 20, 2023. (Doc. 27-1, Rivera Decl. at ¶ 2, Ex. 1 at pp. 13, 20, 27, 34.) Plaintiff's counsel's office reportedly has had issues with receiving mail and "didn't receive any of the subpoenas that were supposedly mail-served." (Doc. 26 at p. 5.)

[2] Dr. Tindall produced records on November 17, 2023, but those records have not yet been reviewed by Defendant. (Doc. 27 at p. 12, n.3.) Dr. Yacoub's office certified on November 6, 2023, that it had no records, and that Plaintiff was currently seeing another provider, Dr. Davina Uchegbu. Defendant is in the process of subpoenaing records from Dr. Uchegbu. (*Id.* at p. 12, n.4.) Despite the certification from Dr. Yacoub's office, Plaintiff has produced a redacted version of his entire medical file from Ehab Yacoub M.D. Inc., where he treated for his emotional distress injuries. (Doc. 28 at p. 5.)

the subpoenas.

## II. DISCUSSION

### A. Parties' Positions

Plaintiff moves to quash Defendant's subpoenas for medical records, arguing that the subpoenas are overly broad and intrusive, violating his right to privacy by seeking unrelated medical information. Plaintiff "agrees that Defendant is entitled to records that evidence the emotional distress injuries that he is claiming in this case, including evidence of alternative stressors, and records relating to his disability." (Doc. 26 at p. 6.) However, Plaintiff believes that the request for any other medical records is overbroad because those records have "nothing to do with this case and are private." (*Id.*) Plaintiff's counsel reportedly attempted to meet and confer regarding the subpoenas and suggested a "first-look procedure," by which Plaintiff's counsel would review the records for private, unrelated information and forward relevant documents to defense counsel along with a privilege log. Defendant rejected this procedure. (*Id.* at p. 7.)

Plaintiff acknowledges that he has put his mental state at issue in this litigation and has alleged emotional distress damages, but argues that he has not sacrificed his right to privacy in *unrelated* medical information. (*Id.* at p. 9.) According to Plaintiff, the subpoenas are not narrowly tailored, and will result in the production of private, unrelated medical information. Plaintiff explains that the subpoenas are not limited to doctors that Plaintiff named in discovery or the emotional distress injuries he identified in discovery, and are not limited in time.

Plaintiff therefore contends that the subpoenas must be quashed in order to preserve the privacy in his "private medical information that does not relate to [his] claims or injuries." (*Id.*) He asserts that the additional information sought by Defendant is not directly relevant to the claims in this lawsuit, and contends that "the subpoenas are overly broad and intrusive because they are not narrowly tailored to only request directly relevant information." (*Id.* at p. 14.)

In opposition, Defendant asserts that Plaintiff waived any privacy interest in his medical records by bringing this disability discrimination lawsuit and seeking to recover damages for Defendant's purported infliction of emotional distress. (Doc. 27 at pp. 13-14.) Defendant

believes it is entitled to discover "relevant information about Plaintiff's past accommodations and effect (if any) on his employment and his health care providers' opinions, thoughts, diagnoses, and reports concerning his alleged extreme emotional distress." (*Id.* p. 6.) Defendant further avers that Plaintiff has broadly put his mental and emotional health at issue, including the extent to which any of his mental and emotional injuries were pre-existing issues or had intervening causes. (*Id.* at 14.)

Second, Defendant contends that Plaintiff lacks standing to quash a third-party subpoena on the grounds of relevance. Nevertheless, Defendant maintains that the subpoenas are calculated to lead to relevant, admissible evidence. To that end, Defendant argues that Plaintiff's medical history is relevant if related to contemporaneous treatment of physical, mental, or emotional medical issues that he put at issue by his claims. (*Id.* at p. 17.) Defendant elaborates that the information sought by the subpoenas is directly relevant for many reasons, and may uncover information regarding, amongst other things, injuries which Plaintiff attributes to Defendant, the dates that Plaintiff contends he first began to experience symptoms related to his allegations in this lawsuit, required treatment, any treatment or consultation that was recommended, but that plaintiff decided to forego, and alternate causes or stressors related to his alleged emotional distress. (*Id.*)

Defendant explains that it became aware of the subpoenaed entities after a review of Plaintiff's document production and the files maintained by Defendant's third-party administrator, Sedgwick, which processes claims for leave. (Doc. 27-1, Rivera Decl. at ¶ 2.) Per Defendant, Plaintiff's Sedgwick file identified various requests for leave – whether for personal or medical reasons – that were approved between 2015 and 2018. The file also included a worker's compensation claim submitted after Plaintiff's termination in 2021, for work-related injuries that took place on May 28, 2021, relating to his ankle and foot. (Doc. 27 at pp. 9-10.)

Plaintiff replies that Defendant is not entitled to Plaintiff's entire medical history because this is a disability discrimination case or because he is seeking emotional distress damages. Plaintiff agrees that Defendant is entitled to records relating to the medical condition he has placed in issue in this case, i.e., his foot and ankle injuries, and the specific emotional injuries that

1  he attributes to Defendant, but argues that Defendant is not entitled to his entire medical, mental,
2  and emotional history without limitation. (Doc. 28 at p. 4.) Plaintiff asserts that he has produced
3  all medical and mental health records in his possession that relate to his disability and the
4  emotional distress injuries he is claiming in this case. Plaintiff notes that Defendant is in
5  possession of Plaintiff's entire medical file from Canyon Oaks Foot & Ankle, along with a
6  redacted version of his entire medical file from Ehab Yacoub, M.D., Inc., where he treated for his
7  emotional distress injuries. (*Id.* at pp. 4-5.)

**B. Analysis**

Rule 45 of the Federal Rules of Civil Procedure permits a party to issue a subpoena commanding the person to whom it is directed to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). The recipient may object to a subpoena, or move to quash or modify it. Fed. R. Civ. P. 45(d)(2)(b), 45(d)(3).

Generally, "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Castillo v. City of Los Angeles*, No. 2:20-cv-04257-JAK-JC, 2021 WL 8895084, at *3 (C.D. Cal. Dec. 13, 2021) (quoting *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014); *see also Thao v. Lynch*, No. 2:21-cv-0731-KJM AC P, 2023 WL 2480860, at *2 (E.D. Cal. Mar. 13, 2023) (acknowledging general rule that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought); *Akkawi v. Sadr*, No. 2:20-cv-1034 MCE AC, 2023 WL 7388550, at *1 (E.D. Cal. Nov. 8, 2023) ("The general rule . . . is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."). Under that general rule, "[a] party therefore lacks standing to object [to] a subpoena served on a third party on grounds of relevance, overbreadth, or undue burden." *Castillo*, 2021 WL 8895084, at *3 (citing *Krenitsky v. Kirsch*, 2020 WL 5017270, *2 (E.D. Cal. Aug. 25, 2020)); *see also VPN.com LLC v. George Dikian*, No. CV 23-mc-87-SPG (KSx), 2023 WL 8304029, at *6 (C.D. Cal. Aug. 4, 2023) (finding party

lacked standing to contest Rule 45 subpoena to non-party on basis that the information sought was irrelevant and overbroad); *Thao*, 2023 WL 2480860, at *2 (denying motion to quash Rule 45 subpoenas issued to non-parties based on party's objections on grounds of relevance or undue burden).  To the extent Plaintiff objects to the subpoenas on the grounds of relevance, overbreadth, or that they are not narrowly tailored, the motion to quash is denied.[3]

As to privacy rights, while a party generally has privacy rights as to their own medical records, those rights may be waived "if the party puts their contents at issue in a case." *Canton v. U.S. Foods, Inc.*, No. 22-cv-04226-TLT (LJC), 2023 WL 4053798, at *2 (N.D. Cal. June 16, 2023); *see also Hooks v. Target Corp.*, No. 5:22-cv-00052-SSS (SPx), 2022 WL 18142528, at *2 (C.D. Cal. Dec. 29, 2022) (concluding both the constitutional protection and the statutory privilege for medical records under California law can be waived if the patient puts the information sought at issue in litigation); *Iniguez v. Wayfair LLC*, No. 521CV00880MWFSPX, 2022 WL 2168152, at *2 (C.D. Cal. Jan. 11, 2022) (same).

Here, Plaintiff seeks redress for discrimination based on physical disability, failure to prevent discrimination, failure to reasonably accommodate a disability, failure to engage in the interactive process, and related emotional distress. The nature of Plaintiff's claims places his medical and mental health records directly at issue. *Hooks*, 2022 WL 18142528, at *2 (concluding claims for discrimination based on physical disability and intentional infliction of emotional distress put plaintiff's medical and mental health records directly at issue); *Iniguez*, 2022 WL 2168152, at *2 (concluding plaintiff's claims under FEHA for discrimination based on physical disability, failure to prevent discrimination, failure to reasonably accommodate a disability, failure to engage in the interactive process, and related emotional distress placed medical and mental health records directly at issue).

Plaintiff agrees that Defendant is entitled to records that evidence the emotional distress injuries that he is claiming in this case, including evidence of alternative stressors, and relating to his disability based on medical issues with his foot and ankle.  However, Plaintiff argues that the

---

[3] This also applies to Plaintiff's "first look" proposal, which implicates a review of the subpoenaed records by Plaintiff's counsel for purported relevance.

6

1  subpoenas are overbroad and must be quashed to prevent needless intrusions into his private,

2  unrelated medical information.  Plaintiff also contends that the subpoenas are not limited in time,

3  to the doctors he named in discovery, or to the emotional distress injuries he has identified.  (Doc.

4  26 at p. 8-9.)  These contentions are based on challenges to the subpoenas on the grounds of

5  relevance and overbreadth.  As indicated above, Plaintiff does not have standing to object on

6  grounds of overbreadth or relevancy.

7        Plaintiff has waived his privacy rights by placing his physical and mental conditions at

8  issue in this litigation, and his medical and mental health records are therefore discoverable.  The

9  Court also does not find that discovery of those records should be as limited as Plaintiff suggests.

10  Rather, the Court agrees with Defendant that some records predating his alleged emotional

11  distress symptoms, which reportedly began in 2016, and his alleged 2021 foot and ankle issues

12  may be relevant to evaluate his claims of disability and possible alternate causes or contributors to

13  his alleged injuries, both mental and physical.  *See Hooks*, 2022 WL 18142528, at *3 (citing

14  *Sirota v. Penske Truck Leasing Corp.*, 2006 WL 708910, at *3 (N.D. Cal. Mar. 17, 2006)

15  (agreeing that some records predating plaintiff's injury are relevant to evaluate claims of

16  disability and possible alternate causes or contributors to her injuries, both mental and physical);

17  *Rosales v. Crawford & Co.*, No. 2:20-cv-02530 JAM AC, 2021 WL 4429468, at *4 (E.D. Cal.

18  Sept. 27, 2021) ("Given the nature of plaintiff's claims of disability discrimination and emotional

19  distress claims, defendants are certainly 'entitled to examine [her] medical records ... regarding

20  the physical and mental health allegations in the Complaint," and to "examine records from an

21  earlier time frame to test the allegations of causation.'").

22        Moreover, Defendant has offered to limit the temporal scope of the subpoenas to the past

23  ten years, which would reduce the amount of potentially private information Defendant would

24  receive.  Further, the parties have stipulated to a protective order (Doc. 19), which would prevent

25  disclosure of Plaintiff's medical and mental health information outside of this litigation.  These

26  measures mitigate Plaintiff's privacy concerns.  *See Iniguez*, 2022 WL 2168152, at *3.

27  ///

28  ///

**CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's motion to quash is denied. (Doc. 26.) The temporal scope of the subpoenas shall be limited to the last ten years, from 2013 through the present. The parties are ordered to meet and confer regarding the means to effectuate that limitation with regard to the subpoenas at issue.

IT IS SO ORDERED.

Dated: __**December 11, 2023**__           /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE