Julian Burns King, SBN 298617
julian@kingsiegel.com
Rachael E. Sauer, SBN 308549
rsauer@kingsiegel.com
KING & SIEGEL LLP
724 S. Spring Street, Suite 201
Los Angeles, CA  90014
Telephone:     213-465-4802
Facsimile:      213-465-4803

Attorneys for Plaintiff  STEVE WHEAT

JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
HAIDY M. RIVERA, SBN 322117
haidy.rivera@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:      916-840-3159

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE WHEAT, an individual,<br><br>         Plaintiff,<br><br>     vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation, and DOES 1-10, inclusive,<br><br>         Defendants. | Case No. 1:22-cv-01524-BAM<br><br>**STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF STEVE WHEAT AND [PROPOSED] PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF STEVE WHEAT**<br><br>Action Filed:   October 27, 2022<br>Trial Date:      October 7, 2024 |

1

WHEREAS, Defendant asserts that Plaintiff has placed his mental condition at issue in this litigation and as a result is entitled to a Defense Mental Examination; and

WHEREAS, Plaintiff therefore has agreed to undergo a Defense Independent Mental Examination subject to the terms and conditions set forth in this Stipulation; and

WHEREAS, this Stipulation and Protective Order for the Defense Independent Mental Examination provides for the designation of certain material used in the Exam and resulting from the Exam to be deemed Highly Confidential, which will be subject to the concurrently filed STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF STEVE WHEAT AND PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MENTAL EXAMINATION OF PLAINTIFF STEVEN WHEAT.

## STIPULATION

NOW, THEREFORE, based on the above recitals, the Parties, through their undersigned counsel of record, stipulate as follows:

1. **Medical Examiner**: Dr. Judy Ho, Ph.D., a qualified medical examiner (referenced below as the "medical examiner"), will conduct the mental examination of Plaintiff.

2. **Mental Examination**: Plaintiff shall submit to a mental examination before the medical examiner pursuant to the terms of this stipulation.

3. **Attendees**: Only Plaintiff, the medical examiner, and the medical examiner's psychometrician, shall be present for the mental examination. Only the medical examiner will conduct the clinical interview.

4. **Scope**: The purpose of the mental examination is to assess Plaintiff's claimed mental and emotional distress and to evaluate the nature, causes, and extent of such distress. The examiner may question Plaintiff about treatment sought for emotional distress and the cost of such treatment. The examiner will not question Plaintiff about the amount of monetary damages sought in this action.

5. **Date and Location**: The medical examiner will conduct the mental examination virtually (using HIPAA compliant zoom and secure platform for the administration of psychological questionnaires). If this option is chosen, the Plaintiff agrees they will physically be in the state of California for the telehealth evaluation, as that is the requirements of Dr. Ho's California license to

practice. The psychological questionnaires portion of the evaluation will be administered via a secure virtual platform (e.g., using HIPAA compliant zoom or the secure platform offered by the psychological questionnaire distributors). The Plaintiff will require a laptop or tablet for the evaluation, a stable Wi-Fi connection, a desk and chair to work, and a quiet room without disruption.

6. **Time of Examination**: The parties will stipulate to the time for the beginning of the examination, and Plaintiff will appear on the agreed upon date, place, and at the examination time. If the exam has not commenced within 30 minutes of the agreed upon time, Plaintiff will be free to leave the medical examiner's office. Similarly, if Plaintiff does not arrive within 30 minutes, Dr. Ho will reserve the right to cancel the evaluation day and reschedule at another time when Plaintiff can show up on time.

7. **Duration**: The mental examination shall be limited to seven (7) hours exclusive of breaks. Breaks for personal comfort, lunch or necessity will be permitted as needed, but will be in addition to the seven (7) hour duration of the mental examination and will extend the duration of the mental examination by the length of the breaks taken. If any period of time exceeding 30 minutes goes by when Plaintiff is not being examined or a test is not being administered, except during agreed upon breaks, then the examination is to be considered completed and Plaintiff will be free to leave.

8. **Examination**: The mental examination may include an interview of Plaintiff and only those tests identified below:

    a. **Interview**: The interview shall cover a variety of relevant topics, including background information; the reported circumstances of onset of the alleged emotional injury or injuries; and how those symptoms have unfolded over time to the present, including any other assessments, treatments, or functional impairment. Pertinent areas of inquiry with regard to Plaintiff's background shall include developmental history, education, employment, social and marital history, legal history (such as disability claims, if any), general medical history, prior psychiatric history, substance use, and family history. The defense medical examiner will elicit from Plaintiff an account of the onset and course of Plaintiff's emotional problems related to the alleged conduct of Defendant, culminating in a review of current psychiatric and

physical complaints. The purpose of the interview is to differentiate between emotional complaints that may be pre-existing and unrelated to the alleged actions of Defendant; complaints that arose concurrently but unrelated to alleged actions of Defendant; complaints that arose as a result of Defendant's alleged conduct; complaints that are actually due to substance use or medications; complaints that are due to an underlying general medical disorder; or complaints that arose subsequent to the alleged actions of Defendant and are unrelated to Defendant's alleged conduct toward Plaintiff.

b. **Testing**: Testing shall be limited to: MMPI-3 (MMPI-3), Million Clinical Multiaxial Inventory (MCMI-IV), Personality Assessment Inventory (PAI), Mini-Mental State Examination-2 (MMSE-2), PTSD Checklist with Life Events Checklist (PCL-5 with LEC-5), Structured Clinical Interview for DSM-5 (SCID-5), Structured Interview of Reported Symptoms, 2nd Edition (SIRS-2), Structured Inventory of Malingered Symptomatology (SIMS), Substance Abuse Subtle Screening Inventory (SASSI-4), Beck Anxiety Inventory (BAI), Beck Depression Inventory (BDI-II), Beck Hopelessness Inventory (BHI).

9. **No Physical Examination**: The mental examination will involve no physical examination and involve no blood tests or other intrusive medical studies or procedures.

10. **Recording**: In addition to the defense medical examiner's notes, the medical examiner will memorialize the clinical interview portion of the mental examination with a voice-recording, either digitally or by audiotape. This recording shall be produced to Plaintiff. Plaintiff may also voice-record the clinical interview portion of the mental examination. This recording shall be produced to Defendant. Recordings produced subject to this Section shall be deemed Highly Confidential, subject to the Protective Order and the restrictions set forth in paragraphs 15 and 16 herein. Neither the defense medical examiner nor Plaintiff may videorecord any portion of the mental examination. The standardized assessment portions of the examination, including the administration of paper-and-pencil questionnaires, computerized questionnaires, and the administration of the semi-structured diagnostic interview (i.e., SCID 5) cannot be audio-recorded,

videotaped, nor can photos be taken of the materials. These protocols constitute raw data and trade secrets and the defense medical examiner has ethical and legal obligations to maintain their confidentiality and administer these instruments with fidelity to standardized procedures.

11. **Exchange of Raw Data**: At the conclusion of any testing of Plaintiff by Dr. Ho, a copy of the actual test pages, raw data generated and all test results regarding Plaintiffs all be exchanged simultaneously with Plaintiff's respective experts in the specified field of expertise, whose information will be provided at a subsequent time. No other individuals will be able to receive said raw data and test materials due to the ethical and legal obligations described in sections below. However, if counsel must have copies of these materials themselves, all materials will only be produced after a signed protective order by the court is provided according to the terms set forth in sections 16 and 17.

12. **Fees Associated with Examination**: Defendant will be responsible for all fees associated with this examination, including Dr. Ho's cancellation policy.

13. **No Disclosure of Insurance Information:** Plaintiff will not provide the defense medical examiner with his medical insurance information or other insurance information.

14. **Plaintiff Will Not Create Documentary Evidence**: Plaintiff's right not to create items of demonstrative evidence for Defendant's use will not be violated. Therefore, Plaintiff will not be compelled to create any items of potential documentary evidence and will not fill out any charts, new patient records, forms, or histories that may be requested or provided by the defense medical examiner. Plaintiff will answer questions orally. Plaintiff recognizes the examiner's need to obtain a relevant medical history and will answer any reasonable relevant medical history questions posed by the examiner. Plaintiff will not provide or create a written medical history.

## PROTECTIVE ORDER

15. **Confidential Nature of Examination and Reports:** The tests taken by Plaintiff as part of the mental examination, along with any notes and/or written reports and/or records maintained in any format, including electronic data, by Examiner are Highly Confidential medical records relating to Plaintiff's mental health. These records are Highly Confidential and their distribution should be subject to a protective order. Said records may be used by counsel in preparation for trial,

1 in trial and in other proceedings in this matter, but for no other purpose. These records may not be
2 used as exhibits to documents filed with the court except if filed under seal. At the conclusion of the
3 litigation in this matter, whether by way of settlement or final judgment, counsel shall destroy all
4 copies of Plaintiff's mental health records in their possession, custody and control and provide
5 opposing counsel with a certificate of destruction within 30 days of the conclusion of the litigation
6 or appeal therefrom.

16. **Production of Examiner's Testing and Raw Data:**

a. <u>Testing and Raw Data to Mental Health Expert</u>: The defense medical examiner will provide to Plaintiff's mental health expert, as retained and designated by Plaintiff in writing in this action ("Plaintiff retained mental health expert"), all testing and raw data related to or generated by the mental examination. Similarly, Plaintiff's retained mental health expert shall also disclose to the defense medical examiner all testing and raw data related to or generated by any mental examination of Plaintiff conducted by Plaintiff's retained health expert.

b. <u>Production of Testing and Raw Data to Counsel</u>: Generally, testing and raw data cannot be provided directly to or shared with counsel as they represent proprietary information or "trade secrets." Further, they can be misinterpreted by people who do not have the expertise or training to analyze them, and this may bring emotional or other substantial harm to the plaintiff. Dr. Ho therefore has legal and ethical obligations to protect such materials from disclosure to individuals who are not trained clinical psychologists. If counsel wishes to have copies of testing and raw data, the materials can only be provided if they are subject to a protective order that designates these materials as Highly Confidential. Specific provisions include marking every page clearly with a Highly Confidential stamp; 2) the content of these records may not be used as exhibits to documents filed with the court except if filed under seal; 3) portions of testimony that discusses raw data and testing materials should be separated and designated as highly confidential; 4) at the conclusion of the litigation in this matter, whether by way of settlement or final judgment, counsel shall

destroy all copies of all testing and raw data in their possession, custody and control and provide opposing counsel with a certificate of destruction within 30 days; 5) disclosure of testing and raw data materials should be limited to the smallest audience possible necessary to conduct the activities pertaining to this litigation; and 6) individuals who receive such information must sign Exhibit A. The criteria above will allow Dr. Ho to satisfy the bare minimum legal and ethical requirements Dr. Ho must abide by regarding the transmission of such materials.

**THEREFORE**, the Parties, through this Stipulation, respectfully ask that this Court issue an Order according to the Parties' Stipulation above.

DATED:  December 21, 2023              KING & SIEGEL LLP


By: /s/ Rachael E. Sauer (*as authorized on 12.21.23*)
     Julian Burns King
     Rachael E. Sauer

Attorneys for Plaintiff STEVE WHEAT

DATED:  December 21, 2023              OGLETREE, DEAKINS, NASH,
                                                          SMOAK & STEWART, P.C.


By: /s/ Haidy M. Rivera
     James T. Conley
     Haidy M. Rivera

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

**ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation to conduct the Independent Mental Examination, subject to the following correction:

Paragraph 11, lines 4-7:   At the conclusion of any testing of Plaintiff by Dr. Ho, a copy of the actual test pages, raw data generated and all test results regarding **Plaintiff shall** be exchanged simultaneously with Plaintiff's respective experts in the specified field of expertise, whose information will be provided at a subsequent time.

IT IS FURTHER ORDERED that the Parties shall comply with the terms of the Protective Order set forth above.

IT IS SO ORDERED.

Dated:   **December 22, 2023**              /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE