UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHEAT,<br><br>  Plaintiff,<br><br>  v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>  Defendant. | No. 1:22-cv-01524-BAM<br><br>ORDER AFTER *IN CAMERA* REVIEW<br><br>(Doc. 37) |

Plaintiff Steve Wheat ("Plaintiff") alleges various employment discrimination claims against Defendant Wal-Mart Associates, Inc. ("Defendant"). In particular, Plaintiff alleges: (1) Age Discrimination in Violation of Government Code section 12940, et seq.; (2) Age Harassment in Violation of Government Code section 12940, et seq.; (3) Disability Discrimination in Violation of Government Code section 12940, et seq.; (4) Failure to Accommodate in Violation of Government Code section 12940, et seq.; (5) Failure to Engage in the Interactive Process in Violation of Government Code Section 12940, et seq.; (6) Retaliation in Violation of Government Code Section 12940, et seq.; (7) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of Government Code Section 12940, et seq.; (8) Wrongful Termination in Violation

1

of Public Policy; and (9) Failure to Maintain and Produce Accurate Records.  (Doc. 1-1, at 2.)

**The Necessity for *In Camera* Review**

As it pertains to the *in camera* review, Plaintiff's Request For Production ("RFP") Nos. 45-47 seek evidence relating to Jim Martinez, a purported me-too witness identified in Plaintiff's Complaint, who was fired and replaced with a younger manager under 40.  (Doc. 1-1 ¶ 28; Doc. 37 at 2.)  Plaintiff contends that evidence related to Mr. Martinez is relevant to Plaintiff's allegations of a pattern and practice of targeting older managers for termination.  (Doc. 37 at 2.)  Defendant argues that the Court already provided guidance on this issue and noted that Plaintiff's allegations do not demonstrate a broader conspiracy.  (*Id*. at 3.)  To resolve the issue, the Court directed Defendant to submit the Martinez-related documents to the Court for in camera review.[1]  (Doc. 41.)

**Description of Documents Submitted for *In Camera* Review**

On February 21, 2024, the Court received documents from Defendant submitted for *in camera* review, which consist of electronic documents listed as: Jim Martinez's Employment Record, Jim Martinez's Associate Record, Jim Martinez's Employment History, Jim Martinez's Evaluations, Jim Martinez's Exit Interview.  Also submitted by Defendant was a brief letter explaining what the documents contained.

This Order is entered after considering each of the documents submitted by Defendant and conducting the *in camera* review.

**Analysis**

Courts generally tailor "me too" discovery to locations and decision-makers alleged to have participated in the discriminatory conduct.  *Robinson v. PPG Indus., Inc.*, No. CV 19-04033 ODW (RAOx), 2021 WL 4497222, at *5 (C.D. Cal. July 23, 2021) (understanding "me too" evidence to mean other complaints of the type of discrimination alleged by a plaintiff); *see also Winet v. Arthur J. Gallagher & Co.*, No. 20cv14 W (BGS), 2020 WL 6449230, at *4 (S.D. Cal.

---

[1] At a September 6, 2023 status conference, the Court had provided guidance on the scope of "me too" discovery, noting that such discovery may be limited to the supervisors involved in Plaintiff's case and the site where Plaintiff worked based on the allegations in the complaint; however, if discovery discloses broader involvement by other supervisory personnel, Plaintiff would not precluded from expanding the scope of "me too" discovery. (Doc. 25.)

1   Nov. 3, 2020) (concluding in FEHA action that only relevant discovery within the scope of
2   request for production of all complaints of discrimination received by company for certain period
3   prior to plaintiff's termination "would be complaints by employees of age or disability
4   discrimination against the person(s) who caused the adverse employment action(s)"); *Razo v.*
5   *Timec Co., Inc.,* No. 15-cv-03414-MEJ, 2016 WL 1623938, at *3 (N.D. Cal. April 21, 2016)
6   (limiting discovery to complaints filed up to two years before plaintiff's layoff against supervisors
7   involved in plaintiff's case and site where plaintiff worked); *Mailhoit v. Home Depot U.S.A., Inc.,*
8   No. CV 11-03892 AHM (SSx), 2012 WL 12884048, at *4 (C.D. Cal. May 4, 2012) (limiting "me
9   too" discovery and finding requests for "similar complaints of gender and disability
10  discrimination made by any employee against any other employee in the Company and in the
11  Pacific Central District, respectively, are impermissibly overbroad").

12        Courts have limited "me too" discovery where the complaint fails to include concrete
13  allegations supporting a pattern or practice extending beyond the relevant facility.  *See*, *e.g.*,
14  *Emerson v. Iron Mountain Info. Mgmt. Servs., Inc.*, No. 20-cv-08607-YGR (AGT), 2021 WL
15  8085489, at *3 (N.D. Cal. Sept. 8, 2021) ("Given the lack of concrete allegations supporting a
16  pattern and practice of discrimination extending outside of Livermore and throughout California,
17  the Court won't require Iron Mountain to conduct state-wide "me too" discovery at this time.
18  Emerson hasn't demonstrated that this state-wide discovery is "proportional to the needs of the
19  case." FRCP 26(b)(1)"); *Razo*, 2016 WL 1623938, at *3 (limiting discovery to facility where
20  plaintiff worked because plaintiff's complaint did not allege a broad, company-wide culture
21  sanctioning discrimination); *Constance Hanson-poulsen v. Dep't of Def. of the USA*, No. 2:16-cv-
22  05786-DMG-AFMx, 2020 WL 2043999, at *3 (C.D. Cal. Mar. 3, 2020) (concluding that
23  "discovery of relevant me-too evidence may go beyond a plaintiff's work location and supervisor
24  if the plaintiff can show a link between the discrimination/harassment alleged in the complaint
25  and other locations, complainants or decision makers"); *cf. Vasquez v. O'reilly Auto Enterprises,*
26  *LLC,* No. 1:21-cv-01099-DAD-SAB, 2022 WL 1645145, at *9 (E.D. Cal. May 24, 2022)
27  (allowing for production of statewide data to allow for comparison of similarly-situated assistant
28  managers where plaintiff laid off as part of nationwide reduction in force).

1          Here, the documents submitted *in camera* show that the locations, decision-makers, and
2  time periods are unrelated to Plaintiff's employment.  First, the locations of employment are
3  different.  Plaintiff's complaint appears to center on events at the Walmart Distribution Center
4  (6021) in Porterville, California, and the actions of the Operations Manager - Uriel Rosales, the
5  General Manager - Kent Delperdang, and Luis Garcia.  (*See generally* Complaint, Doc. 1-1 at ¶¶
6  7-10, 11, 16-19, 20-26.)  As shown from the *in camera* documents, Mr. Martinez worked at
7  facility 6021 (Plaintiff's location), but Mr. Martinez stopped working at facility 6021 in 2006 and
8  worked at a different location until his termination in 2018.  In addition, the supervisors are
9  different.  The documents submitted *in camera* show that Mr. Martinez was never supervised by
10 Plaintiff's alleged wrongdoers, Uriel Rosales, Kent Delperdang, or Luis Garcia.  (*See Id.* at ¶¶ 8,
11 11-19, 20-26.)  Further, the relevant employment time frames are too distant.  Mr. Martinez's
12 employment at Plaintiff's facility (6021) ceased in 2006, more than a decade before Plaintiff's
13 termination in 2021.  Thus, the locations of work, the supervisors, and the time periods are not
14 similar to Plaintiff's employment.

15         There appear to be few, if any, specific allegations relative to a pattern and practice of
16 discrimination extending beyond either the Porterville facility or the decision-makers alleged in
17 the complaint.  (*Id.* at ¶¶ 1, 15 ["Also in 2019, the supervisor program at Mr. Wheat's store
18 changed, and managers began to train and "mentor" lead associates, ostensibly so the lead
19 associates could cover for the managers when they weren't there. All the managers knew that this
20 was an agenda to push out the older managers and replace them with the younger lead
21 associates."], 23 [all mangers in his store were asked to take "competency test"].)  Indeed, the
22 only other specific example of alleged discrimination to demonstrate pattern and practice
23 involved Plaintiff's former manager, James Martinez.  (*Id.* at ¶ 28 ["On information and belief,
24 Defendants have a pattern and practice of firing older managers and replacing them with younger
25 ones. James ('Jim') Martinez, Mr. Wheat's first manager, was fired along with 4-5 other senior
26 managers, who were all replaced by someone younger."])  Plaintiff alleges that the "supervisor
27 program" changed in 2019, <u>after</u> Mr. Martinez was terminated in 2018.  (*Id.* at ¶ 15.)  The *in*
28 *camera* documents show that Mr. Martinez was terminated from a different facility, and by

different supervisors, than Plaintiff.  Therefore, Mr. Martinez's employment records are not relevant to the alleged claims.

**Conclusion and Order**

Plaintiff's request to compel production of documents for Plaintiff's RFP's Nos. 45-47 (Doc. 37) is DENIED.

IT IS SO ORDERED.

Dated:   **March 4, 2024**           /s/ Barbara A. McAuliffe           
                              UNITED STATES MAGISTRATE JUDGE