1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10
11

STEVE WHEAT,

No.  1:22-cv-01524-BAM

12

Plaintiff,

**ORDER DENYING PLAINTIFF'S *EX PARTE*
APPLICATION TO MODIFY SCHEDULING
ORDER**

13

v.

14

WAL-MART ASSOCIATES, INC.,

15

Defendant.

(Doc. 54)

16
17
18

19        Currently before the Court is Plaintiff Steve Wheat's *Ex Parte* Application to Modify

20   Scheduling Order to continue all pretrial dates.  (Doc. 36.)  Defendant Wal-Mart Associates, Inc.

21   opposed the application.  (Doc. 38.)  The Court heard oral argument on the *Ex Parte* application

22   on August 22, 2024.  Plaintiff's Counsel Rachael Sauer appeared for Plaintiff.  Defendant's

23   Counsel James Conley and Haidy Rivera appeared for Defendant. Having considered the briefing,

24   the record in this case, and the arguments of counsel, Plaintiff's application is denied pursuant to

25   Federal Rule of Civil Procedure 16(b)(4).

26        **I.        Background**

27        Plaintiff Steve Wheat ("Plaintiff") alleges various employment discrimination claims,

28

1

1  including disability and age discrimination and retaliation, against Defendant Wal-Mart

2  Associates, Inc. ("Defendant").  (Doc. 1-1.)

3       At the initial scheduling conference on February 21, 2023, the Court issued a Scheduling

4  Conference Order setting trial related dates and ordering the Parties to complete non-expert

5  discovery by February 6, 2024.  In setting the deadlines, the Court advised the parties that if they

6  determined at any time that the schedule outlined could not be met, then they must notify the Court

7  immediately so that adjustments could be made, either by stipulation or by subsequent status

8  conference.  (Doc. 14 at 5-6.)  The Court also provided the following warning: "**The dates set in**

9  **this order are firm and will not be modified absent a showing of good cause even if the**

10  **request to modify is made by stipulation."**  (*Id.* at 5) (emphasis in original).

11       A year later, on January 22, 2024, at the request of the parties and for good cause, the

12  Court modified the Scheduling Order and continued all of the pretrial and trial deadlines seven

13  months.  (Doc. 38).  As pertinent to Plaintiff's *Ex Parte* application, the Court continued the Non-

14  expert discovery cut-off from February 6, 2024 to August 31, 2024.  (*Id.*)

15       Then, three weeks before discovery cut-off, on August 13, 2024, Plaintiff filed the *Ex*

16  *Parte* application to again continue discovery deadlines.  In the application, Plaintiff notes that

17  fact discovery could not be completed given delays caused by Defendant's failure to provide

18  discovery responses and 30(b)(6) deposition availability and the need for further discovery,

19  including: complete responses to Plaintiff's Requests for Production, Sets Two and Three; the

20  deposition of Defendant's 30(b)(6) witness; the deposition of percipient witnesses; the deposition

21  of Plaintiff's harasser; depositions of the individuals who participated in the decision-making

22  process that led to Plaintiff's termination (supervisor Uriel Rozales and general manager Kent

23  Delperdang); and any additional written discovery and depositions that may be needed after

24  depositions are completed.  (Doc. 54 at 9-10.)  Plaintiff's application requests that the Court

25  continue deadlines by an additional six months as follows:

26

27  Expert Disclosure:              September 30, 2024 to **March 20, 2025**
Supplemental Expert Disclosure:   October 18, 2024 to **April 18, 2025**

28  Non-expert Discovery Cut-off:     August 31, 2024 to **February 28, 2025**

| | |
|---|---|
| Expert Discovery Cut-off: | December 13, 2024 to **June 13, 2025** |
| Pretrial Motion Filing Deadline: | January 17, 2025 to **July 17, 2025** |
| Pretrial Conference: | April 23, 2025 (no new date proposed) |
| Jury Trial (7-10 days): | June 9, 2025 (no new date proposed) |

(*Id.* at 2.)

On August 20, 2024, Defendant opposed Plaintiff's *Ex Parte* application, arguing, among other things, that Plaintiff cannot establish good cause for modification of the Scheduling Order as Plaintiff has not been diligent during discovery.  (Doc. 57.)  Defendant contends that Plaintiff created the discovery issues for which he now claims discovery should be continued, Plaintiff recently served a voluminous discovery requests in June 2024, Plaintiff has only served a single deposition notice during two years of litigation, Plaintiff has had sufficient time to review the 1,600 pages of documents Defendant has already produced, and Plaintiff's discovery motion practice has been dilatory.  (*Id.*)  Defendant argues that reopening discovery and extending the dispositive motion deadline is prejudicial and will waste Defendant's time and resources.  (*Id.* at 15.)

## II.    Motion to Modify the Court's Scheduling Order

### A.  Legal Standard

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Indeed, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)).  Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem,* No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.)

("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v. Fin. Credit Network, Inc*., NO. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.")).  The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 974 F.2d at 608-609.).  The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 974 F.2d at 609.  If the party was not diligent, then the inquiry should end. *Id.*

## B. Discussion

Here, fact discovery has been pending for a year-and-a-half.  The Court granted a previous request to extend the discovery dates for very similar reasons.  (Doc. 38).  Now, a year-and-a-half into discovery, Plaintiff has noticed only one deposition, and unsatisfied with the documents produced to date, contends more or different documents should have been produced.  The hyper-focus on obtaining vast amounts of documents, and pursuing specific avenues of discovery, have slowed this case to a crawl.  For instance, nearly a year ago, the Court provided guidance on the scope of the "me too" evidence Plaintiff sought, yet Plaintiff elected, months later, to address the issue formally, delaying resolution of the issue.  The Court conducted an *in camera* review and found the documents did not support Plaintiff's allegations.  (*See* Docs. 23, 25, and 45, 46.)  In addition, although Plaintiff's medical conditions are directly at issue in this case, Plaintiff

expended time to formally challenge subpoenas for medical providers documents.  (*See* Docs. 26-30.)

While Plaintiff contends that it was Defendant who delayed production of documents, it is undisputed that Defendant produced 1,600 pages in response to requests.  (Doc. 57-1 ¶ 7.)  These documents would have assisted Plaintiff in taking depositions of individuals Plaintiff now seeks to depose, and Plaintiff does not offer a different explanation for delay.  For instance, Plaintiff has not taken the deposition of the Wal-Mart general manager or Plaintiff's supervisor, persons long known to be key witnesses in his termination.  Indeed, as compellingly argued by Defendant, Plaintiff has served only one deposition notice during the entirety of the case.  The Court has already extended the discovery cut-off and all related dates six months.  Yet, the case is not much further along than it was at the time the Court granted the continuance.

Plaintiff has not demonstrated diligence and good cause for modification.  An additional six months would not allow completion of the discovery Plaintiff anticipates - given the case procedural history, including the Court's previous continuance of pretrial and trial dates by six months (Doc. 38), the Court's order denying Plaintiff's motion to quash medical records subpoenas (Doc. 30), the time spent on Plaintiff's discovery requests and meeting and conferring regarding Rule 30(b)(6) topics (*See* Docs. 21, 23, 25, 41), the Court's order denying Plaintiff's request to compel production of documents regarding "me too" evidence after *in camera* review (Doc. 46), parties' failure to timely set depositions or resolve deposition issues (*See* Docs. 21, 23, 25, 41, 45, 48, 53), and Plaintiff's new discovery requests (Doc. 55).  Therefore, the Court finds that Plaintiff has failed to demonstrate good cause for modification of the Scheduling Order. *Johnson*, 975 F.2d at 611 ("As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques.").

The Court acknowledges that Plaintiff has been engaging in discovery and that discovery has occurred, but Plaintiff's litigation strategy of attempting to obtain every potential document and pursuing every avenue of discovery has not worked.  Plaintiff chose a deliberate litigation strategy, which has been unsuccessful.  Plaintiff's litigation strategy therefore does not provide

good cause for modification of the Scheduling Order. *TGG Mgmt. Co., Inc. v. Petraglia*, No. 19-CV-2007-BAS-KSC, 2021 WL 2206475, at *2 (S.D. Cal.) ("[Litigation strategy] is not enough to justify [defendant]'s non-compliance with the Rule 16 Scheduling Order in this action).

The Court also considers the drain on judicial resources and prejudice to Defendant from reopening discovery and continuing pretrial dates.  The Court has devoted hours to resolving numerous discovery disputes and conducting status conferences on discovery issues with the parties as they attempted to work through their disputes.  Reopening discovery will undoubtedly continue to drain resources as the parties start nearly anew with vast discovery not yet completed, and as further contemplated by Plaintiff, and opposed by Defendant.  All dates in the Scheduling Order would have to be modified, including the trial date and pretrial conference.  This wholesale modification to the schedule is prejudicial to Defendant and would disrupt the Court's calendar. *See Wong,* 410 F.3d at 1062 ("Disruption to the schedule of the court and other parties ... is not harmless.").

Nonetheless, the Court will extend the fact discovery cut-off to permit the depositions of Plaintiff's three treating medical providers.  At oral argument, Defendant stated that it had noticed the depositions before the discovery cut-off date, but that Plaintiff's counsel was unavailable on the dates.  Plaintiff's counsel confirmed her unavailability and also confirmed her lack of control over the medical providers.  Accordingly, the Court will permit the depositions of Plaintiff's three treating medical providers on or before September 20, 2024.

**III.    Conclusion and Order**

The Discovery cut-off is extended to September 20, 2024 solely for the purpose of permitting the depositions of Plaintiff's three treating medical providers.

For the reasons stated, Plaintiff's application to modify the scheduling order is otherwise DENIED.

IT IS SO ORDERED.

Dated:   **August 26, 2024**                    /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE