**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE WHEAT,<br><br>     Plaintiff,<br><br>    v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>     Defendant. | No. 1:22-cv-01524-BAM<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION TO REOPEN DISCOVERY**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>(Docs. 55, 60, 61) |

Currently before the Court are Plaintiff Steve Wheat's motion to compel discovery (Doc. 60) and *ex parte* application to reopen discovery (Doc. 61). Defendant Wal-Mart Associates, Inc. filed its opposition to Plaintiff's motion to compel on September 13, 2024, and its opposition to Plaintiff's *ex parte* application on September 23, 2024. (Docs. 62, 67.) Having considered the briefing, the record in this case, and the arguments of counsel, Plaintiff's application is denied pursuant to Federal Rule of Civil Procedure 16(b)(4) and Plaintiff's motion to compel discovery is denied as untimely.

**I.     Background**

Plaintiff Steve Wheat ("Plaintiff") alleges various employment discrimination claims,

1

including disability and age discrimination and retaliation, against Defendant Wal-Mart Associates, Inc. ("Defendant").  (Doc. 1-1.)

At the initial scheduling conference on February 21, 2023, the Court issued a Scheduling Conference Order setting trial related dates and ordering the Parties to complete non-expert discovery by February 6, 2024.  In setting the deadlines, the Court advised the parties that if they determined at any time that the schedule outlined could not be met, then they must notify the Court immediately so that adjustments could be made, either by stipulation or by subsequent status conference.  (Doc. 14 at 5-6.)  The Court also provided the following warning: "**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.**"  (*Id.* at 5) (emphasis in original).  The Court further noted that "Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time."  (*Id.* at 3.)  The Court cautioned that "A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely."  (*Id.* at 3-4.)

A year later, on January 22, 2024, at the request of the parties and for good cause shown, the Court modified the Scheduling Order and continued all of the pretrial and trial deadlines seven months.  (Doc. 38).  As pertinent to Plaintiff's *ex parte* application, the Court continued the non-expert discovery cut-off from February 6, 2024 to August 31, 2024.  (*Id.*)

On August 13, 2024, Plaintiff filed his first *ex parte* application to continue discovery deadlines again, noting that fact discovery could not be completed given delays caused by Defendant's failure to provide discovery responses and 30(b)(6) deposition availability and the need for further discovery, including: complete responses to Plaintiff's Requests for Production, Sets Two and Three; the deposition of Defendant's 30(b)(6) witness; the deposition of percipient witnesses; the deposition of Plaintiff's harasser; depositions of the individuals who participated in the decision-making process that led to Plaintiff's termination (supervisor Uriel Rozales and general manager Kent Delperdang); and any additional written discovery and depositions that may be needed after depositions are completed.  (Doc. 54 at 9-10.)  The Court denied this first *ex*

*parte* application, finding that Plaintiff did not demonstrate diligence and good cause for modification. (Doc. 59.)

Also on August 13, 2024, the parties filed a Joint Statement of Discovery Disagreement regarding Defendant's responses to Plaintiff's Requests for Production, Set Two, Nos. 51-53 and Requests for Production, Set Three, Nos. 54-58, 60-68, 71 & 75. (Doc. 55.) (*See* Part III, *Infra*, n.2.)

Then, on August 30, 2024, Plaintiff filed the pending Motion to Compel Defendant Walmart's Responses to Requests for Production, Sets Two & Three and Request for Monetary Sanctions Against Walmart in the Amount of $4,200. This motion involves the identical discovery requests as in the Joint Statement of Discovery Disagreement filed on August 13, 2024 - Plaintiff's Requests for Production, Set Two, Nos. 51-53 and Requests for Production, Set Three, Nos. 54-58, 60-68, 71 & 75. (Docs. 55, 60.) Defendant filed its opposition on September 13, 2024. (Doc. 62.)

On September 13, 2024, after the close of fact discovery, Plaintiff filed a second *ex parte* application to reopen discovery "to allow Plaintiff to authenticate the documents produced at the last minute and to depose the individuals whose email communications regarding Plaintiff and the decision to terminate him were improperly withheld for one and a half years" and to continue the non-expert discovery cutoff to December 20, 2024. (Doc. 61 at 6.) This second *ex parte* application purports to involve discovery requests Plaintiff propounded in April 2023, including requests for communications between Plaintiff's supervisors regarding Plaintiff and communications related to Defendant's decision to terminate Plaintiff. (*Id.* at 5-6.) Plaintiff now contends that Defendant did not produce certain documents responsive to the April 2023 requests until the week of the August 31, 2024 non-expert discovery deadline. (*Id.*) Plaintiff further contends that Defendant produced documents responsive to Plaintiff's March 2024 and June 2024 discovery requests during the week of the non-expert discovery deadline, which did not permit Plaintiff time to authenticate documents or depose witnesses. (*Id.*) In support, Plaintiff notes that the August 26, 2024 production contained communications to and from Defendant's 30(b)(6) witness Mary Lou Gonzalez regarding Plaintiff's performance and the decision to

1  terminate Plaintiff, over a year after Plaintiff's first set of discovery requests and after Plaintiff's
2  deposition of Ms. Gonzalez.  (Doc. 61-1 ¶¶ 4-8.)

3  On September 23, 2024, Defendant filed its opposition to Plaintiff's *ex parte* application,
4  arguing, among other things, that Plaintiff cannot establish good cause for modification of the
5  Scheduling Order as Plaintiff has not been diligent during discovery.  (Doc. 67.)  Defendant
6  contends that it timely responded to and supplemented its responses to Plaintiff's April 2023
7  responses on July 19, 2023; November 21, 2023; February 21, 2024; and February 23, 2024.
8  (Doc. 67 at 2-3, Doc. 67-1 ¶¶ 2-5.)  Defendant further contends that Defendant produced
9  documents responsive to Plaintiff's June 18, 2024 requests for production, which took time to
10 collect, review and analyze, on July 22, 2024; August 26, 2024; and August 30, 2024.  (Doc. 67
11 at 3, Doc. 67-1 ¶¶ 9-10.)  Defendant also notes that it would be prejudiced if discovery were
12 reopened based upon the Court's prior findings.  (Doc. 67 at 8.)

13 The Court first will address Plaintiff's current *Ex Parte* Application to Modify the
14 Court's Scheduling Order, then turn to Plaintiff's Motion to Compel.

15 **II.    Plaintiff's *Ex Parte* Application to Modify the Court's Scheduling Order to**
16 **        Reopen Discovery**

17 **A.  Legal Standard**

18 District courts enter scheduling orders in actions to "limit the time to join other parties,
19 amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  Once
20 entered, a scheduling order "controls the course of the action unless the court modifies it." Fed.
21 R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems,
22 *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of
23 case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

24 Indeed, a scheduling order is "not a frivolous piece of paper, idly entered, which can be
25 cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner*
26 *Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)).  Accordingly, pursuant to
27 Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause
28 and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air*

4

*Conditioning W.L.L. v. Salem,* No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v. Fin. Credit Network, Inc.*, NO. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.")). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 974 F.2d at 608-609.). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 974 F.2d at 609. If the party was not diligent, then the inquiry should end. *Id.*

**B. Discussion**

Plaintiff argues that good cause exists to reopen discovery, as Plaintiff was diligent in requesting discovery and Defendant withheld responsive documents until the eleventh hour. (Doc. 61 at 7-9.) Defendant responds that Plaintiff cannot establish good cause for modification of the Scheduling Order because Plaintiff was not diligent and that Defendant provided timely responses and supplements. (Doc. 67.)

Federal Rule of Civil Procedure 26(e) requires a party to supplement its initial disclosures or discovery responses "in a timely manner" when it learns that the disclosure or response is incomplete or incorrect and the information has not otherwise been made known to the opposing party. Fed. R. Civ. P. 26(e)(1)(A). "Whether supplementation is timely under Rule 26(e) hinges

5

on facts such as when the original disclosure was made, when a party discovered its response was incomplete, when the supplementation was made in relation to those events." *Persian Gulf Inc. v. BP W. Coast Prod. LLC*, No. 15cv1749-JO-AGS, 2022 WL 4830698, at *10 (S.D. Cal. Sept. 30, 2022).

Plaintiff's argument regarding delayed production is unsupported by the discovery timeline, the contents of the productions, or the quantity of documents produced. First, the record demonstrates that Defendant regularly supplemented its discovery responses. Defendant provided responses to Plaintiff's April 13, 2023 first set of discovery requests on July 19, 2023 and supplemented those responses on November 21, 2023 and February 21, 2024. (Doc. 67-1 ¶¶ 3-5, Doc. 67-1 at 19-68, 69-98, 99-105.) Plaintiff propounded a second set of requests for production on March 5, 2024, and Defendant provided responses on April 18, 2024. (Doc. 67-1 ¶ 7-8, Doc. 67-1 at 150-156.) Plaintiff propounded a third set of requests for production, near the close of discovery, on June 18, 2024, which Defendant responded to on July 22, 2024 and supplemented on August 26, 2024 and August 30, 2024. (Doc. 67-1 ¶¶ 9-10, 167-186.) As noted by Defendant, Defendant's responses were typically one to three months following Plaintiff's requests, so the responses in July and August 2024 are consistent with the Defendant's history of production. Defendant's August 26, 2024 and August 30, 2024 supplements were a month following its initial production and two months following Plaintiff's request for the documents. This timeline demonstrates a discovery process in which Plaintiff served new requests near the end of discovery, but Defendant supplemented its production in a timely manner. This production does not support Plaintiff's argument that Defendant withheld responsive documents until the eleventh hour.

Second, the "withheld documents" Plaintiff relies upon in his *ex parte* application do not appear to be Defendant's responses to Plaintiff's April 13, 2023 first document request, but rather, appear to be Defendant's timely supplement to Plaintiff's last request for production, June 18, 2024. Plaintiff's April 13, 2023 first set of requests for production included broader requests for documents where Plaintiff's supervisors mentioned Plaintiff and documents relating to Defendant's decision to terminate Plaintiff. (Doc. 67-1 at 13, 15.) Defendant provided

responsive documents to those requests in its November 21, 2023 supplement.  (Doc. 67-1 at 82-84, 93-97.)  Plaintiff's June 18, 2024 Requests for Production (Set Three) were more specific and requested "All COMMUNICATIONS between Uriel Rosalez and Mary Lou Gonzalez RELATING TO PLAINTIFF" and "All COMMUNICATIONS between Kent Delperdang and Mary Lou Gonzalez RELATING TO PLAINTIFF."  (Doc. 67-1 at 162.)  Defendant supplemented its responses on August 26, 2024 and August 30, 2024 with documents including Ms. Gonzalez's communications.  (Doc. 61-1 ¶¶ 6-7, Doc. 67-1 at 162, Doc. 67-1 ¶ 10.)[1]  These documents appear to be responsive to Plaintiff's June 18, 2024 third set of discovery requests rather than Plaintiff's April 13, 2023 first set of discovery requests.  As is customary during discovery, Plaintiff's later targeted discovery requests led to Defendant producing more targeted responses.  Plaintiff's allegations of Defendant withholding responsive documents until the eleventh hour is therefore unsupported and does not provide good cause for reopening of discovery.

In addition to the documents relating to Ms. Gonzalez, Plaintiff also suggests that Defendant's production of another document was untimely.  Plaintiff contends that Defendant produced a signed statement from Jose Gonzalez as part of its August 26, 2024 responses.  (Doc. 61-1 ¶ 8.)  Plaintiff claims that this document corroborates Plaintiff's allegations that Plaintiff's supervisor Uriel Rozales told Plaintiff "You older managers – if you're not performing to expectations, they have a bunch of new managers they want to hire."  (*Id.*)  Plaintiff states that it is unclear who Jose Gonzalez is, why he wrote the statement, and why it was produced.  (*Id.*)  Nevertheless, Plaintiff argues that he was deprived of the opportunity to authenticate the statement and to ask Mr. Gonzalez about the statement in a deposition.  (*Id.*)  The statement is dated August 25, 2021 and reads: "Uriel Rosales had a manager meeting with us, explaining the expectations for our Shipping Department Managers. He covered productivity, load quality, safety, team moral and being able to adapt to changes, and if we couldn't meet expectations we

---

[1] Plaintiff's counsel concedes that "Walmart's last-minute document dump also contained documents responsive to Plaintiff's RFPs, Set Two, served on March 5, 2024 and Plaintiff's RFPs, Set Three, served on June 18, 2024."  (Doc. 61-1 ¶ 5.)

7

would be held accountable. He let us know where we were at and what we needed to do to meet expectations. He also said to let him know anything he could help us out with to succeed and that we have a lot of key associates that are ready to move up in the company and replace managers that can't perform to expectations." (Doc. 61-5.) While Plaintiff insinuates that this production was untimely, Plaintiff does not clarify which of Plaintiff's earlier requests it was responsive to, does not specify how it was untimely, and does not clearly connect the statement to Plaintiff's harassment or discrimination theories. (*See* Doc. 61, Doc. 61-1.) Accordingly, Plaintiff's arguments regarding these documents do not demonstrate good cause for reopening discovery.

Third, Defendant's July and August 2024 production is not the "document dump" as Plaintiff alleges. The parties agree that Defendant produced approximately 300 pages of material in the August 26, 2024 and August 30, 2024 supplements. (Doc. 61-1 ¶¶ 6-9, Doc. 67 at 6.) While Plaintiff labels this a document dump, Defendant did not wait until the final moments of fact discovery to produce the bulk of its discovery responses. Defendant's July 19, 2023 production alone included 1,600 pages of materials. (Doc. 67-1 ¶ 3.) As the content, context, and quantity of Defendant's August 26, 2024 and August 30, 2024 supplements do not suggest Defendant withheld documents or engaged in other discovery misconduct, Plaintiff has not demonstrated good cause for reopening discovery on that basis.

Plaintiff further cites several cases in which courts in this district found that production of new information constituted good cause to modify the scheduling order. *See Neylon v. Cnty. of Inyo*, No. 1:16-cv-00712-AWI-JLT, 2017 U.S. Dist. LEXIS 66124, *16 (E.D. Cal. May 1, 2017) ("The production of evidence including new information after a pleading amendment deadline may constitute good cause to modify the scheduling order… Because Plaintiff both pursued the discovery without delay and did not delay in seeking leave to amend after receiving the discovery, the Court finds Plaintiff acted with diligence and the good cause requirement of Rule 16 is satisfied."); *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist*., No. CIV S-05-583-LKK-GGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006) ("Allowing parties to amend based on information obtained through discovery is common and well established."); *Juell v. Forest Pharms., Inc*., No. CIV S-05-0378-FCD-GGH, 2006 U.S. Dist. LEXIS 12757, *4-5 (E.D.

Cal. March 24, 2006) ("Defendants have demonstrated good cause to modify the Pretrial Scheduling Order to extend the discovery deadlines solely as they apply to deposing plaintiffs' belatedly disclosed experts and to designating a rebuttal expert, if necessary. Defendants were diligent in assisting the court in creating a workable scheduling order. Further, the delay in taking the depositions was caused by plaintiff's delay in disclosing his experts.").

However, these cases are inapposite here. In *Neylon*, the plaintiff diligently sought discovery, then sought leave to amend her complaint to add a ratification claim. *Neylon*, 2017 U.S. Dist. LEXIS 66124, *16. Similarly, in *Fru-Con*, a party sought to amend its counterclaim to add defendants based upon new information obtained during discovery. *Fru-Con*, 2006 WL 3733815, at *5. Unlike the circumstances of *Neylon* and *Fru-Con*, Plaintiff does not seek to add new theories or parties but simply received more discovery regarding existing claims and now seeks further time to pursue further discovery. In *Juell*, the plaintiff disclosed five expert witnesses after the expert discovery deadline. *Juell*, 2006 U.S. Dist. LEXIS 12757, at *3. Given that delay, the court permitted defendants to extend discovery to depose the experts. *Id*. Here, Defendant's August 2024 productions came prior to the non-expert discovery deadline and were timely responses to Plaintiff's June 2024 discovery requests, and Defendant has not withheld documents from the April 13, 2023 request for production. These cases therefore do not support Plaintiff's argument that good cause exists to reopen discovery.

Further, Plaintiff complains that Plaintiff will be denied the opportunity to depose decisionmakers about the documents and Plaintiff's termination. (Doc. 61.) However, Plaintiff has long known or been aware of most of the decisionmakers and percipient witnesses and who the harasser is, yet did not depose any such person during the year-and-half of discovery, either during the original one year discovery period or the extended six-month discovery period. The Court finds this strategy is not diligent.

The Court has already ruled once, based on Plaintiff's first *ex parte* application to modify the scheduling order (Doc. 54), that the discovery deadlines would not be continued. (Doc. 59.) The Court denied that request based on a lack of good cause to modify the scheduling order. *Id.* The Court acknowledges that Plaintiff has been engaging in discovery and that discovery has

occurred, but once again the Court notes that Plaintiff's deliberate litigation strategy of attempting to obtain every potential document and pursuing every avenue of discovery has been unsuccessful. Plaintiff's litigation strategy therefore does not provide good cause for modification of the Scheduling Order. *TGG Mgmt. Co., Inc. v. Petraglia*, No. 19- CV-2007-BAS-KSC, 2021 WL 2206475, at *2 (S.D. Cal.) ("[Litigation strategy] is not enough to justify [defendant]'s non-compliance with the Rule 16 Scheduling Order in this action).

The Court also considers the drain on judicial resources and prejudice to Defendant from reopening discovery and continuing pretrial dates. Plaintiff broadly "seeks to reopen discovery and continue the discovery cutoff to December 20, 2024, to allow Plaintiff to authenticate the documents produced at the last minute and to depose the individuals whose email communications regarding Plaintiff and the decision to terminate him…" (Doc. 61 at 6.) The Court has devoted hours to resolving numerous discovery disputes and conducting status conferences on discovery issues with the parties as they attempted to work through their disputes. (*See* Docs. 21, 23, 25, 30, 36, 41, 45, 46, 48, 53, 59.) Reopening discovery will undoubtedly continue to drain resources as the parties start nearly anew with vast discovery not yet completed, and as further contemplated by Plaintiff, and opposed by Defendant. All dates in the Scheduling Order would have to be modified, including the trial date and pretrial conference. This wholesale modification to the schedule is prejudicial to Defendant and would disrupt the Court's calendar. See *Wong*, 410 F.3d at 1062 ("Disruption to the schedule of the court and other parties ... is not harmless.")

Accordingly, Plaintiff's *ex parte* application to reopen discovery (Doc. 61) is DENIED.

### III. Plaintiff's Motion to Compel

On August 30, 2024, Plaintiff filed the instant Motion to Compel Defendant Walmart's Responses to Requests for Production, Sets Two & Three and Request for Monetary Sanctions Against Walmart in the Amount of $4,200, regarding Defendant's responses to Plaintiff's Requests for Production, Set Two, Nos. 51-53 and Requests for Production, Set Three, Nos. 54-

58, 60-68, 71 & 75.  (Doc. 60.)[2]

The Ninth Circuit has empowered district courts to take an active role to ensure that discovery deadlines are adhered to by the parties.  *See Goddard v. United States Dist. Court (In re Arizona)*, 528 F.3d 652, 657 (9th Cir. 2008) ("Federal Rule of Civil Procedure 16 vests the district court with early control over cases toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.") (internal citations and quotations omitted); *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) ("The district court is given broad discretion in supervising the pretrial phase of litigation.") (internal citations and quotations omitted).

The Court's scheduling conference order cautioned that "Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time."  (Doc. 14 at 3.)  The Court further warned that "A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely."  (*Id.* at 3-4.)

Several courts have determined compliance with the discovery cutoff requires motions to compel be filed *and heard* sufficiently in advance of the cutoff so that the Court grant effective relief within the allotted discovery time.  *See, e.g., Frye v. City of Sacramento*, No. 2:22-cv-1936-DJC-CSK, 2024 WL 1676496, at *5 (E.D. Cal. Apr. 18, 2024) (denying certain motion to compel requests as plaintiff raised 33 30(b)(6) topics with the court six weeks prior to the discovery deadline and noting that this "was simply not enough time to resolve and raise with the Court any related disputes to complete fact discovery by the fact discovery cut-off as required in

---

[2] As noted, the parties also filed a Joint Statement of Discovery Disagreement on August 13, 2024 addressing the identical Defendant's responses to Plaintiff's Requests for Production, Set Two, Nos. 51-53 and Requests for Production, Set Three, Nos. 54-58, 60-68, 71 & 75.  (Doc. 55.) As the disputed discovery requests (Doc. 55) are identical to those in the Motion to Compel (Doc. 60) currently pending before the Court, the Court now addresses the Joint Statement.  This Joint Statement of Discovery Dispute was filed August 13, 2024, approximately two weeks before the non-expert discovery deadline and on the same day as Plaintiff's first *ex parte* request to continue discovery deadlines.  (Docs. 54, 55.)  For the same reasons as for the Motion to Compel (Doc. 60), discussed *infra*, the Joint Statement is untimely.  (Doc. 55.)

the scheduling order"); *Verterra, Ltd. v. Leafware LLC*, No. 2:23-cv-0290 DAD-CSK, 2024 WL 3294944, at *1 (E.D. Cal. June 13, 2024) ("Even if the Court were to use the date Plaintiffs first filed its discovery request on May 8, 2024, which the Court denied for failure to follow Local Rule 251, Plaintiffs' motion to compel was still untimely because it was filed on the deadline for the completion of fact discovery"); *Watts v. Allstate Indem. Co.*, No. 2:08-cv-01877 LKK, 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) ("Motions to compel such discovery had to have been heard 30 days before [the discovery] cutoff in order for discovery to be completed by the cutoff."); *Lacy v. Am. Biltrite, Inc.*, No. 10-CV-0830 JM RBB, 2012 WL 909309, at *8 (S.D. Cal. Mar. 16, 2012) ("Even if counsel immediately filed a motion to compel after receiving the Defendants' objections, the motion would have been untimely because the discovery cutoff includes hearings on motions to compel and discovery ordered as a result of a motion to compel."). In a similar case, the Court noted that, by parties "noticing the hearings on their respective Motions to Compel for the last day of discovery, the Court is without the means to provide any effective relief prior to the discovery cutoff." *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO, 2013 WL 492103, at *6 (E.D. Cal. Feb. 8, 2013). The Court there noted that to rule on the motions to compel, the Court "would be ordering discovery be conducted after the discovery cutoff date," and without modifying the scheduling order, the Court could not provide the parties relief. *Id.*

Plaintiff filed his motion to compel on August 30, 2024, the day before the August 31, 2024 non-expert discovery deadline. (Doc. 60.) This motion was initially set for a hearing on September 27, 2024, approximately four weeks after the non-expert discovery deadline. (Docs. 60, 66.) This timeline did not provide the Court sufficient time to provide effective relief prior to the discovery deadline. *See Gerawan*, 2013 WL 492103, at *6; *Frye*, 2024 WL 1676496, at *5. Plaintiff's filed motion also did not comply with the Court's scheduling order which required "motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time." (Doc. 15 at 2.) Plaintiff's Motion to Compel (Doc. 60) is therefore not timely.

Accordingly, Plaintiff's Motion to Compel (Doc. 60) is DENIED.

12

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's *Ex Parte* Application to Reopen Discovery (Doc. 61) and Plaintiff's Motion to Compel Defendant Walmart's Responses to Requests for Production, Sets Two and Three (Doc. 60) are DENIED.  The Joint Statement of Discovery Dispute filed on August 13, 2024 is untimely.  (Doc. 55.)

IT IS SO ORDERED.

Dated:   **October 9, 2024**                     /s/ *Barbara A. McAuliffe*                    
                                                          UNITED STATES MAGISTRATE JUDGE