**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE WHEAT,<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>        Defendant. | No. 1:22-cv-01524-BAM<br><br>**ORDER DENYING REQUESTS FOR RELIEF IN DISCOVERY DISAGREEMENT STATEMENTS AS UNTIMELY**<br><br>(Docs. 68, 69, 71) |

     Currently before the Court are Plaintiff Steve Wheat's requests for relief in the parties' discovery disagreement statements. (*See* Docs. 68, 69, 71.)

     On October 4, 2024, Plaintiff filed a statement of discovery disagreement regarding Plaintiff's Requests for Production, Set One, Nos. 26 and 27; Plaintiff's Request for Production, Set Four, No. 76; Plaintiff's Interrogatories, Set Two, Nos. 7-19; and Plaintiff's Requests for Admission, Set Two, Nos. 33-55. (Doc. 68.) Defendant responded with its own statement regarding the same discovery on October 7, 2024, arguing that Plaintiff's statement was untimely as the non-expert discovery was closed except for completion of remaining treating providers. (Doc. 69.) On October 31, 2024, the parties filed an additional joint statement of discovery

1

disagreement regarding Plaintiff's noticed depositions of Uriel Rozales and Jose Gonzalez on October 17, 2024; Kent Delperdang on October 24, 2024; Luis Garcia on October 25, 2024; and Chad Lee on October 28, 2024 which Defendant again argued were untimely. (Doc. 71.)

On January 22, 2024, at the request of the parties and for good cause, the Court modified the Scheduling Order and continued the Nonexpert discovery cut-off from February 6, 2024 to August 31, 2024. (Doc. 38.) On August 26, 2024, the Court denied Plaintiff's request to modify the scheduling order to continue the non-expert discovery deadline but extended non-expert discovery to September 20, 2024 "solely for the purpose of permitting the depositions of Plaintiff's three treating medical providers." (Doc. 64 at 6.) On September 17, 2024, upon stipulation of the parties and good cause appearing, the Court issued an order modifying discovery dates in its prior scheduling order. (Doc. 65.) Namely, the Court extended the "Closure of Non-Expert Discovery Extended Solely to Complete Deposition of Plaintiff's Three Treating Providers and Plaintiff's Deposition Due to Power Outage from September 20, 2024 to November 1, 2024." (Doc. 65 at 5.) The Court also continued the Expert Disclosure deadline from September 20, 2024 to November 22, 2024; the Supplemental Expert Disclosure deadline from October 18, 2024 to December 13, 2024; and the Expert Discovery Cutoff from December 13, 2024 to January 17, 2025. (*Id.*) The Court denied Plaintiff's Request to Reopen Discovery on October 9, 2024. (Doc. 70.)

Plaintiff's outstanding discovery requests and deposition notices relate to non-expert discovery. (*See* Docs. 68, 71.) The Court clarified in its prior order on the parties' stipulation that the non-expert discovery was "Extended Solely to Complete Deposition of Plaintiff's Three Treating Providers and Plaintiff's Deposition Due to Power Outage from September 20, 2024 to November 1, 2024." (Doc. 65 at 5.) Non-expert discovery otherwise closed on August 31, 2024. (Doc. 38.) Plaintiff also implicitly acknowledged that broader non-expert discovery was closed given his filing of a request to reopen discovery. (*See* Doc. 61.) Plaintiff's argument that an abbreviated docket note extended discovery is incorrect and misrepresents the Court's order. (*See* Doc. 71 at 2.) The requests for relief contained in the discovery disagreement statements (Docs. 68, 69, 71) are therefore untimely.

In light of the frivolous nature of Plaintiff's arguments, the Court declines to address in further detail Plaintiff's requests for relief for further discovery.  Plaintiff is forewarned against filing frivolous and meritless motions which unduly consume judicial resources; Plaintiff's conduct imposes a significant burden on the Court's limited resources in reviewing and deciding meritless, repetitious, and voluminous filings.  Plaintiff must follow the Court's orders or risk sanctions.

Accordingly, the requests for relief in the parties' joint discovery disagreements (Docs. 68, 69, 71) are DENIED as untimely.

IT IS SO ORDERED.

Dated:   **November 4, 2024**             /s/ *Barbara A. McAuliffe*         _
                                        UNITED STATES MAGISTRATE JUDGE