# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHEAT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>　　　　Defendant. | No. 1:22-cv-01524-BAM<br><br>**ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**<br><br>**ORDER VACATING DECEMBER 6, 2024 HEARING ON PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**<br><br>(Doc. 73) |

On November 4, 2024, the Court issued an order denying Plaintiff's requests for discovery relief as untimely, noting that the Court's September 17, 2024 order on the parties' stipulation clarified that non-expert discovery was "Extended Solely to Complete Deposition of Plaintiff's Three Treating Providers and Plaintiff's Deposition Due to Power Outage from September 20, 2024 to November 1, 2024" and non-expert discovery otherwise closed on August 31, 2024. (*See* Doc. 38, Doc. 65 at 5, Doc. 72 at 2.) The Court found that Plaintiff's argument that an abbreviated docket note extended discovery was incorrect and misrepresented the Court's order. (*See* Doc. 71 at 2, Doc. 72 at 2.) The Court's order stated that November 1 was the extended discovery cut off solely for the specifically identified deponents. (See Doc. 65 at 5 ("Closure of Discovery Extended Solely to Complete Plaintiff's Deposition, Complete Dr. Tyler May's deposition, and take the deposition of Davina Uchegbu in Modification of Docket No.

1

59.").)  The Court forewarned Plaintiff "against filing frivolous and meritless motions which unduly consume judicial resources;" noted that "Plaintiff's conduct imposes a significant burden on the Court's limited resources in reviewing and deciding meritless, repetitious, and voluminous filings;" and cautioned that "Plaintiff must follow the Court's orders or risk sanctions."  (Doc. 72 at 3.)

On November 12, 2024, Plaintiff filed a Motion to Compel the Depositions of Uriel Rosalez, Kent Delperdang, Luis Garcia, Chad Lee and Jose Gonzalez and a Request for Monetary Sanctions Against Walmart in the Amount of $4,260.  (Doc. 73.)  Plaintiff again argues that the Court's September 17, 2024 order "unambiguously states: 'Closure of Non-Expert Discovery due 11/01/2024'" and therefore non-expert discovery remained open for Plaintiff's intended depositions until November 1, 2024.  (Doc. 73 at 4.)

Given Plaintiff's disregard for the Court's prior orders and warnings against misrepresenting the Court's orders or further burdening the Court's limited resources, Plaintiff's counsel is ORDERED TO SHOW CAUSE for the failure to properly follow the Court's orders. Counsel shall respond to the Order to Show Cause in writing no later than **November 20, 2024** by filing a brief of no more than five (5) pages explaining why the motion to compel is not duplicative of Plaintiff's prior filings and whether Plaintiff misrepresents the Court's orders. Counsel may also respond to this Order to Show Cause by withdrawing the apparently duplicative motion to compel (Doc. 73).  Failure to comply with this order may be grounds for the imposition of sanctions.

To avoid burdening the Court's limited resources, Defendant need not respond to Plaintiff's motion to compel until this Order to Show Cause is resolved, and the Court requests a response from Defendant.  The motion hearing set for December 6, 2024 is therefore VACATED.

IT IS SO ORDERED.

Dated:  **November 13, 2024**          /s/ Barbara A. McAuliffe          _
                                       UNITED STATES MAGISTRATE JUDGE